### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARY B. NEATHERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  04-366-PMF** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND OPINION

**FRAZIER, Magistrate Judge:**

Plaintiff, Mary B. Neathery, seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability benefits.  Ms. Neathery's application was rejected following an administrative determination that she is not disabled.  The decision became final when the Appeals Council declined to review a decision reached by an Administrative Law Judge (ALJ).  Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g).

To receive disability benefits, a claimant must be "disabled."  A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A).  The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled.  20 C.F.R. § 404.1520.    The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2)

whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed

by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether

the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d

863, 868 (7th Cir. 2000).  If the claimant does not have a listed impairment but cannot perform his

or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can

perform some other job. *Id*.

The ALJ evaluated plaintiff's claim that she is disabled as a result of pain and fatigue

through Step 5 of the sequential analysis.  He concluded that plaintiff has alleged fibromyalgia with

chronic fatigue; obesity; and REM-related obstructive sleep apnea, status-post corrective surgery.

While these conditions interfere with Neathery's ability to perform basic work activities, they do

not meet or equal one of the impairments listed in the Social Security regulations.  The ALJ also

determined that despite her impairments, plaintiff retains the ability to perform the physical and

exertional requirements of a limited range of light work.  Specifically, she can perform simple

unskilled work with one, two or three step instructions, lift or carry items weighing 10 pounds

frequently and 20 pounds occasionally, and perform bilateral gross and fine manipulation with

handling, reaching, pushing and pulling.  She requires a sit/stand option at her workplace, needs to

avoid frequent ascending and descending of stairways and can occasionally climb, balance, stoop,

kneel, crouch, or crawl.  The ALJ decided that Neathery cannot return to her former occupations but

is not disabled because she can perform a number of other jobs in the national economy ®. 13-24).

Under the Social Security Act, a court must sustain the Commissioner's findings if they are

supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "more than a mere

scintilla" of proof.  The standard is satisfied by "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

*Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).  Because the Commissioner of Social Security is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner.  *Id.*  However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion.  *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

## I.      ALJ's Credibility Assessment.

Plaintiff argues that the Commissioner's final decision should be reversed because the ALJ improperly discredited her testimony regarding the impact of her medical ailments on her ability to function in the workplace.  She argues that the ALJ improperly evaluated two distinct but similar physical impairments (fibromyalgia and chronic fatigue syndrome) as a single impairment.  She also believes the ALJ gave too much weight to the lack of objective evidence in light of the subjective nature of her fibrmyalgia pain.  Plaintiff also argues that the ALJ discredited her description of medication side effects without considering possible adverse effects that might be caused by her medications.

Defendant believes that plaintiff misunderstands the ALJ's analysis and suggests that the ALJ's credibility finding is logical and entitled to deference.  Defendant also argues that the ALJ rationally discredited testimony regarding medication side effects in light of treatment records.

At a hearing, plaintiff described chronic fatigue; constant aching pain in her back, shoulders, neck or legs; and mental confusion and disorientation.  She estimated the severity of her pain in a range between three and nine on a ten-point scale and said pain wakes her at night and interferes with her sleep.  Because she does not get adequate rest at night, she needs to nap during the day.

She estimated that she could stand for ten to fifteen minutes, sit for 30 to 45 minutes, and walk the length of two city blocks.  In addition to her physical limitations, she said she is forgetful and does not always think clearly.  She reported that her symptoms of fatigue and disorientation increase when she takes her medications as prescribed ®. 254-259).

Treatment records demonstrate that plaintiff made subjective complaints and her physician observed some generalized swelling; felt tissue texture changes; and elicited complaints of pain with pressure over or around some of plaintiff's muscles, tendons, joints, trigger points, and acupuncture points.  Treatment consisted of a special diet and special lifestyle, supplements and herbs, stretches and exercise, medication, detoxification techniques, ultrasound, and osteopathic manipulative treatment ®. 170-230).  The dosage of a trial medication (Neurontin) was adjusted in order to help plaintiff feel less sedated.  The physician noted that the medication could cause sleepiness but not other reported side effects ®. 194).  Plaintiff did not include Neurontin on her list of regular medications ®. 238).

An examining physician found that plaintiff was mildly tender over her trigger points.  She was able to heel walk, toe walk, squat, bend, walk with a normal gait, get on and off an examination table, and grip and move items ®. 165).

The record contains conflicting opinions regarding the effects of plaintiff's ailments on her ability to function ®. 119-127, 231-236).

The ALJ decided that plaintiff's medical conditions produced some degree of pain, fatigue and functional limitations.  He discredited plaintiff's testimony regarding the severity of her limitations on the basis that she exaggerated her symptoms.  In making this assessment, the ALJ considered plaintiff's testimony in light of other evidence regarding her condition, including the consultative examiner's findings and information in a treating physician's progress notes.  The ALJ

also determined that plaintiff was not taking the types of medications that would ordinarily cause the side effects she described ®. 16-24).

When evaluating subjective symptoms, ALJs must carefully consider an individual's statements about symptoms with the rest of the relevant evidence.  Social Security Ruling 96-7p. The credibility of an individual's statements is to be determined by considering all of the evidence concerning the symptoms and how the symptoms affect the individual's ability to work, including medical signs and laboratory findings; diagnosis, prognosis, and other medical opinions; statements and reports from the individual and from treating or examining physicians and other persons about the individual's medical history, treatment, and response; prior work record and efforts to work; and daily activities.  *Id.*  Credibility determinations are afforded special deference because ALJs have a unique ability to observe the witness and evaluate testimony.  *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000).  However, when an ALJ bases his credibility determination on serious errors in reasoning, remand is required.  *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004).

Plaintiff relies on cases and medical authorities that generally describe chronic fatigue syndrome and fibromyalgia.  These authorities show that the kinds of symptoms plaintiff described (fatigue, pain, forgetfulness and sleep disturbance) can result from her impairments.  The cited authorities do not require ALJs to evaluate ailments separately when assessing testimony regarding the severity of symptoms.  Rather, ALJs are directed to consider the combined effect of multiple impairments throughout the disability determination process.  20 C.F.R. § 404.1523.  Hence, plaintiff's separate analysis argument lacks support.

Plaintiff also argues that the ALJ improperly relied on the absence of objective medical evidence when evaluating testimony regarding the effect of pain on her ability to function. Fibromyalgia pain may be present without corresponding physiological signs, s*ee Sarchet v. Chater*,

78 F.3d 305 (7th Cir 1996).  This medical fact does not detract from the validity of the ALJ's

assessment, which was made after the ALJ considered the extent to which plaintiff's statements

regarding the severity of her limitations were consistent with other evidence, including clinical

findings made by the medical professionals who evaluated and/or treated her ailments, progress

notes describing medical treatment efforts and plaintiff's response, and credible medical opinions

regarding the impact fibromyalgia would likely have on plaintiff's ability to perform certain work

functions ®. 119-127, 165-166, 170-230). 20 C.F.R. § 404.1529©.  Because the ALJ accepted

plaintiff's testimony regarding her symptoms to the extent that her statements were reasonably

consistent with other credible evidence in the record, the Court is not persuaded that this aspect of

the decision was illogical or patently wrong.

Plaintiff believes the ALJ rejected her testimony regarding medication side effects without

fully evaluating the potential of her medications to cause adverse side effects.  The effects of

medications are one factor considered in the evaluation of reported pain.  SSR 96-7p.  Plaintiff

suggests that the ALJ should have consulted the Physician's Desk Reference and made inferences

from reports of adverse reactions to Bextra, Toradol, Tramadol, Hydrochlorothazide, and Ibuprofen.

The Court is not persuaded that the ALJ should have consulted an outside resource when

evaluating the credibility of plaintiff's statements regarding her symptoms.  SSR 96-7p instructs

ALJs to review medical records for consistency and persistent attempts to seek treatment for

symptoms.  Because those records do not demonstrate that plaintiff actually experienced additional

fatigue and disorientation as a medication side effect, the ALJ logically discredited this aspect of

plaintiff's testimony.

## II.    Evaluation of Medical Opinion Evidence.

Plaintiff argues that the ALJ improperly relied on the supposed lack of objective medical

evidence in denying benefits.  However, the legal argument supporting her position targets the ALJ's

assessment of medical opinion evidence.  In two sentences, plaintiff suggests that the ALJ should have accorded controlling weight to Dr. Bancroft's opinion that plaintiff was capable of less than sedentary work (Doc. No. 10, pp. 9-10).

This argument is not adequately developed and is deemed waived.  On August 2, 2004, the parties were directed to include in their briefs a statement of relevant facts, with citation to the administrative record, and a discussion of the applicable law, with citation to relevant authority (Doc. No. 7).  Plaintiff has not adequately discussed  relevant portions of the record (such as the conflicting medical opinion evidence or the ALJ's analysis of that evidence) or the legal standard governing ALJ assessments of medical opinions.  Accordingly, the Court declines to address this argument.  *See United States v. Eddy*, 8 F.3d 577, 583 (7th Cir. 1993)(inadequately developed arguments are waived); *Ehrhart v. Secretary of Health and Human Services*, 969 F.2d 534 (7th Cir. 1992)(a reviewing court need not devote its time to arguments raised in a very opaque manner).

The Commissioner's decision denying plaintiff's application for disability benefits is AFFIRMED.  Judgment shall enter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED:**   November 14, 2005   .

                                   *S/Philip M. Frazier*
                                   **PHILIP M. FRAZIER**
                                   **UNITED STATES MAGISTRATE JUDGE**